### MATIS v. WOODRUFF

Ohio Appeals, 6th Dist., Lucas Co.

Decided January 16, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**301. CONTRIBUTORY NEGLIGENCE.**

Failure of passenger to protest to driver of Automobile against driving into intersection in front of approaching car which passenger saw coming, some evidence of contributory negligence.

**118. AUTOMOBILES—225. Charge of Court.**

General verdict will not be reversed for error in instructions relating exclusively to one issue, there being no error in other issues.

Error to Common Pleas.

Judgment affirmed.

Messrs. Johnson, Johnson & Farber, Toledo, for Matis.

Messrs. Doyle & Lewis and Milo J. Warner, Toledo, for Woodruff.

### STATEMENT OF FACTS

This litigation arises out of an automobile accident. The collision occured in the day time, and there were no intervening obstacles to prevent the occupants of each car seeing the other car as they approached the intersection.

Elizabeth Mathis, who was plaintiff in the trial court, was a passenger in a Ford car being operated by one Fred Krivak, and was sitting, on the left side of the car, in the rear seat. This car was proceeding in a southerly direction. The Woodruff car was being driven in a westerly direction, the owner being in the rear seat. The Ford car, as it approached the intersection, had stopped or nearly stopped when 15 or 20 feet therefrom. The Woodruff car was approaching the intersection at about 20 miles per hour, and the occupants of that car who testify say that they saw the Ford car and that it was not moving and was located about 15 feet north of the intersection. The evidence would justify the jury in finding that when the Woodruff car was within 50 or 60 feet of the intersection Krivak, who was operating the Ford car and had seen the line of cars approaching from his left side either started his car or increased its speed to ten or twenty miles an hour, in an attempt to cross the intersection in advance of the Woodruff car. Not only had Krivak seen the Woodruff car approaching, but the plaintiff, Elizabeth Matis, had also seen it while they were standing or slowly moving, just north of the intersection.

### OPINION OF COURT

The following is taken, verbatim, from the opinion.

RICHARDS, J.

Counsel for plaintiff asked the court to instruct the jury that there was no evidence tending to show contributory negligence on her part, and the refusal to give that instruction is assigned as error. Under the circumstances disclosed by evidence it was certainly a question for the jury whether Mrs. Matis was guilty of contributory negligence; whether she ought to have protested to the driver of the car against undertaking to cross the intersection ahead of the approaching car. The jury may have believed, from the circumstances, that an exclamation or a word from her just before Krivak undertook to cross, would have caused him to allow his car to remain standing, or to stop if slowly moving, and thus have prevented the collision.

The jury was properly instructed that any negligence of Krivak could not be imputed to her, but in any event her failure to protest against his driving into the intersection in front of the approaching car which she saw coming, was some evidence of contributory negligence to be considered by the jury.

We find no error to the prejudice of the plaintiff in the general charge of the court. Ten requests were submitted by counsel for plaintiff and asked to be given after the general charge. There were at least two issues in this case, namely: the alleged negligence of the defendants and the claimed contributory negligence of the plaintiff. The jury having returned a general verdict in favor of the defendants, thereby found all of the issues in the case against the plaintiff. A finding on either issue for the defendants would have justified a verdict for them, and under the circumstances, a general verdict for the defendants, and judgment thereon, will not be reversed for error in instructions of the court relating exclusively to one of the issues, there being no error on the other issue.

McAllister v. Hartzell, 60 Ohio St. 69; Jones v. Erie R. R. Co., 106 Ohio St., 408.

We have examined all of the alleged errors assigned and find none prejudicial to the rights of the plaintiff in error.

(Williams and Lloyd, JJ., concur.)